

**FILED**

**NOVEMBER 15, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**07 C 6493**

| | |
|---|---|
| **AHMED M. SAKINE and**<br>**KIMBERLY SAKINE,** | |
| **Plaintiffs,** | |
| **v.** | **CASE NO.**    **JUDGE DARRAH**<br>**MAGISTRATE JUDGE ASHMAN** |
| **RUTH A. DOROCHOFF, Chicago District**<br>**Director of the Citizenship and Immigration**<br>**Services; MICHAEL CHERTOFF, Secretary**<br>**of the U.S. Department of Homeland Security;**<br>**and ROBERT S. MUELLER, III, Director**<br>**of the Federal Bureau of Investigation,** | |
| **Defendants.** | |

## COMPLAINT FOR MANDAMUS

Plaintiffs AHMED M. SAKINE and KIMBERLY SAKINE, by and through their undersigned attorney, for their Complaint for Mandamus against Defendants, RUTH A. DOROCHOFF, District Director of the Chicago Office for the U.S. Citizenship and Immigration Services; MICHAEL CHERTOFF, Secretary of Homeland Security; and ROBERT S. MUELLER, III, Director of the Federal Bureau of Investigation, allege as follows:

### Nature of the Case and Parties

1. This is a civil action to compel the Chicago District Director of the Office for Citizenship and Immigration Services to adjudicate Plaintiff's Form I-485 Application for Adjustment of Status ("Application") that was filed on March 1, 2004.  (*See* **Exhibit A**). Plaintiff AHMED M. SAKINE was born in Morocco on October 31, 1973.  Plaintiff

KIMBERLY SAKINE is a native citizen of the United States born on September 16, 1976.  Mr. and Mrs. Sakine currently reside together at 11205 Moraine Drive in Palos Hills, Illinois.

2.  Mr. Sakine qualified for his Application as the spouse of a United States citizen.  Mr. and Mrs. Sakine were married at a religious ceremony on May 17, 2003 in Bridgeview, Illinois and have now been married for four and one-half years.  (*See* **Exhibit B**).

3.  Defendants are the District Director of the Chicago Office for Citizenship and Immigration Services (the "Service"), the Secretary of the Department of Homeland Security, and the Director of the Federal Bureau of Investigation.  They are being sued in their official capacity.

## Jurisdiction and Venue

4.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1361, and 2201 *et seq.*, and 5 U.S.C. § 701 *et seq.*

5.  Venue is proper in this District pursuant to 28 U.S.C. §1391(e) because the events and omissions giving rise to this matter occurred in this District and because Plaintiff resides in this District.

## Statement of the Case

6.  On May 17, 2003, Mr. and Mrs. Sakine were married at a religious ceremony in Bridgeview, Illinois.  Their marriage is the first for both Mr. and Mrs. Sakine.  After almost one year of marriage, on March 1, 2004, Mrs. Sakine filed an I-130 Petition for Alien Relative on behalf of Mr. Sakine (the "Petition") concurrently with Mr. Sakine's I-485 Application to Adjust Status.  (*See* **Exhibit A**).  The Petition and Application were

filed with the Chicago District Office for the United States Citizenship and Immigration Services. (*See* **Exhibit A**). With the filing, Mr. and Mrs. Sakine provided documentation verifying that they entered their marriage in good faith, and not for the sole purpose of immigration benefits.

7. After filing the Application and Petition, Mr. and Mrs. Sakine had to wait one year to be scheduled for Mr. Sakine's Adjustment of Status interview (the "Interview"). On March 30, 2005 Mr. and Mrs. Sakine attended the interview in Chicago, Illinois. (*See* **Exhibit A**). At the interview, Mr. and Mrs. Sakine presented additional evidence of their bona fide marriage. After the interview, the interviewing Officer for the Service indicated to Mr. and Mrs. Sakine that the Service could not adjudicate the Petition or Application at that time. Instead, the Officer indicated that the Service would notify Mr. and Mrs. Sakine of the decision by mail.

8. Since the interview, Mr. and Mrs. Sakine have not received additional information indicating that the Service is any closer to adjudicating their case. Mr. and Mrs. Sakine and their attorneys have filed inquires with the Service to determine the status of the Application. (*See* **Exhibits C-1 – C-4**). Plaintiffs also requested the assistance of the office of the Honorable Richard J. Durbin, U.S. Senator of Illinois. (*See* **Exhibit C-5**).

9. After waiting three years from the date of the interview, Mr. and Mrs. Sakine retained the undersigned counsel's firm to assist in getting the Service to adjudicate the Application.

10. On March 20, 2007, Plaintiffs' counsel filed an inquiry with the Service. (*See* **Exhibit C-1**). The Service took three months to respond to the inquiry. On June 13, 2007, the Service indicated that Plaintiffs' case "is under further review by the adjudicating

officer." (*See* **Exhibit C-2**). By that date, it had been over two years since the Interview and over three years since the Application was filed

11. Mr. and Mrs. Sakine's counsel filed another inquiry on July 18, 2007 with the Service. (*See* **Exhibit C-3**). In August 2007, the Service responded to the inquiry, and indicated that Mr. Sakine's case is "pending investigation." (*See* **Exhibit C-4**).

12. As the above shows, Plaintiffs have filed inquiries and maintained correspondence with the Service to adjudicate the Application. Plaintiffs have also requested the assistance of U.S. Senator Durbin's office. In response to the Senator's inquiry, the Service indicated again that Plaintiffs' Application is under investigation and there is no timeline or conclusion date indicated. (*See* **Exhibit C-5**). Mr. and Mrs. Sakine filed the Petition and Application on March 1, 2004 and the Application has not been adjudicated.

13. On information and belief, the normal period prescribed by Defendants to adjudicate an Application for Adjustment of Status is six months. (*See* **Exhibit D**). To date, over three and one-half years have passed since the Service received Mr. Sakine's Application. Over two and one-half years have passed since Mr. and Mrs. Sakine attended the Adjustment of Status interview on March 30, 2005. Therefore, their marriage has been under perpetual investigation with no end in sight.

14. Mr. and Mrs. Sakine have been married since May 17, 2003, and did not file the Application until nearly one year into their marriage. Mrs. Sakine attended the interview with her husband in support of the Application. Mr. and Mrs. Sakine are still married and have been married for nearly four and one-half years. The Sakines have submitted numerous documents in support of the Application, including various bona fides of their marriage. They have submitted enough evidence for the Service to render a decision.

Plaintiffs are unaware of any evidence that the Service has, which may be used to determine their marriage is fraudulent. If the Service has determined that more evidence is needed, it is within the Service's power and ability to request additional documentation from Plaintiffs.

15. Based on the Service's responses to Plaintiffs' inquiries, Mr. Sakine's application has been under investigation with the Service for over two and one-half years. Although the Application has been pending for nearly four years, Plaintiffs have not received any indication that the Service requires additional documentation or evidence.

## Claim for Relief

16. Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.*, are unlawfully withholding or unreasonably delaying action on the Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case.

17. Defendants willfully and unreasonably have delayed in, and have refused to adjudicate the Application, thereby, depriving Plaintiffs of their rights under 5 U.S.C. § 555(b) to the adjudication of the Application in a reasonable time.

18. Defendants owe Plaintiffs the duty to act on the Application within a reasonable time and have unreasonably failed to perform that duty.

19. Plaintiffs have made multiple status inquiries in an attempt to secure adjudication of the Application.

20. Plaintiffs have exhausted any administrative remedies that may exist, and have not caused or contributed to the Service's delay in adjudicating the Application.

**Prayer for Relief**

**WHEREFORE** Plaintiffs pray that this Court:

A. Accept jurisdiction and maintain continuing jurisdiction of this Action.

B. Compel Defendants Service to adjudicate Plaintiffs' Application and Petition within sixty (60) days.

C. Grant such other and further relief as this Court deems proper under the circumstances.


Dated:   November 15, 2007          s/ Robert C. Milla
                                    Robert C. Milla

                                    KEMPSTER, KELLER & LENZ-CALVO, LTD.
                                    332 S. Michigan Avenue, Suite 1428
                                    Chicago, IL 60604
                                    No. 26650
                                    (312) 341-9730
                                    Attorneys for Plaintiff

**AHMED M. SAKINE and KIMBERLY SAKINE**

## <u>EXHIBITS:</u>

**Exhibit A**    Copy of Form I-797C Notice of Action reflecting the receipt date of March 1, 2004 for Mr. Sakine's Form I-485 Application to Adjust Status, as well as Plaintiff's initial interview appointment scheduled for March 30, 2005.  Copy of Plaintiffs' Notice of Action indicating that the Form I-130 Petition for Alien Relative was filed on March 1, 2004.

**Exhibit B**    Copy of Certificate of Marriage for Plaintiffs, reflecting they have been married since May 17, 2003.

**Exhibits C-1 – C-5**    Copies of correspondence and inquiries regarding Plaintiffs' Application between Plaintiffs' counsel and Defendants, and Senator Richard J. Durbin's office and the Defendants.

**Exhibit D**    Copy of Processing Times for the Chicago Office of USCIS posted October 15, 2007, indicating the processing time for Form I-485 is six months.