IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AHMED M. SAKINE and<br>KIMBERLY SAKINE,<br><br>        Plaintiffs,<br>  v.<br><br>RUTH A. DOROCHOFF, Chicago District<br>Director, Citizenship and Immigration<br>Services; MICHAEL CHERTOFF, Secretary<br>U.S. Department of Homeland Security;<br>and ROBERT S. MUELLER, III, Director,<br>Federal Bureau of Investigation, | No. 07 C 6493<br><br>Judge Darrah |

## ANSWER

The United States, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, on behalf of defendants Ruth A. Dorochoff, Michael Chertoff, and Robert S. Mueller, III, each defendant sued in her/his official capacity, for its answer to the complaint, states as follows:

### First Defense

The court lacks subject matter jurisdiction to review this case.

### Second Defense

Plaintiffs have failed to state claims upon which relief can be granted.

### Third Defense

Answering the specific allegations of the complaint, the United States admits, denies, or otherwise avers, as follows:

    1.    **Complaint:** This is a civil action to compel the Chicago District Director of the Office for Citizenship and Immigration Services to adjudicate Plaintiff's Form I-485 Application

for Adjustment of Status ("Application") that was filed on March 1, 2004. (See **Exhibit A**). Plaintiff AHMED SAKINE was born in Morocco on October 31, 1973. Plaintiff KIMBERLY SAKINE is a native citizen of the United States born on September 16, 1976. Mr. and Mrs. Sakine currently reside together at 11205 Moraine Drive, in Palos Hills, Illinois.

  **Response:** Admit.

 2. **Complaint:** Mr. Sakine qualified for his Application as the spouse of a United States citizen. Mr. and Mrs. Sakine were married at a religious ceremony on May 17, 2003 in Bridgeview, Illinois and have now been married for four and one-half years. *(See* **Exhibit B).**

  **Response:** Admit.

 3. **Complaint:** Defendants are the District Director of the Chicago Office for Citizenship and Immigration Services (the "Service"), the Secretary of the Department of Homeland Security, and the Director of the Federal Bureau of Investigation. They are being sued in their official capacity.

  **Response:** Admit.

 4. **Complaint:** This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 133 1, 1361, and 2201 et sq., and 5 U.S.C. §701 et seq.

  **Response:** Deny.

 5. **Complaint:** Venue is proper in this District pursuant to 28 U.S.C. §1391(e) because the events and omissions giving rise to this matter occurred in this District and because Plaintiff resides in this District.

  **Response:** Admit.

 6. **Complaint:** On May 17, 2003, Mr. and Mrs. Sakine were married at a religious ceremony in Bridgeview, Illinois. Their marriage is the first for both Mr. and Mrs. Sakine. After almost one year of marriage on March 1, 2004, Mrs. Sakine filed an I-130 Petition for alien Relative on behalf off Mr. Sakine (the "Petition") concurrently with Mr. Sakine's I-485 Application to Adjust Status. *(See* **Exhibit** A). The Petition and Application were filed with the Chicago District Office for the United States Citizenship and Immigration Services. *(See* **Exhibit** A). With the filing, ,Mr. and Mrs. Sakine provided documentation verifying that they entered their marriage in good faith, and not for the sole purpose of immigration benefits.

  **Response:** Admit.

 7. **Complaint:** After filing the Application and Petition, Mr. and Mrs. Sakine had to wait one year to be scheduled for Mr. Sakine's Adjustment of Status interview (the "Interview"). On March 30, 2005 Mr. and Mrs. Sakine attended the interview in Chicago, Illinois. *(See* **Exhibit A**). At the interview, Mr. and Mrs. Sakine presented additional evidence of their bona fide marriage.

After the interview, the interviewing Officer for the Service indicated to Mr. and Mrs. Sakine that the Service could not adjudicate the Petition or Application at that time. Instead, the Officer indicated that the Service would notify Mr. and Mrs. Sakine of the decision by mail.

      **Response:** Admit.

8.    **Complaint:** Since the interview, Mr. and Mrs. Sakine have not received additional information indicating that the Service is any closer to adjudicating their case. Mr. and Mrs. Sakine and their attorneys have filed inquires with the Service to determine the status of the Application. *(See* **Exhibits C-1** - **C-4).** Plaintiffs also requested the assistance of the office of the Honorable Richard J. Durbin, U.S. Senator of Illinois. *(See* **Exhibit** C-5).

      **Response:** Deny. Since the interview, plaintiff Ahmed Sakine was scheduled for a second fingerprint check, he was fingerprinted December 13, 2007, and they were evaluated as "non-ident" (clear). In addition, the Service has approved plaintiff Kimberly Sakine's 1-130 petition; however, her name check was returned marked "error" and a second request was submitted with correct information. As soon as Ms. Sakine's name check is determined to be "clear" the Service will adjudicate the application for adjustment of status. Finally, as of early December 2007, plaintiffs' counsel has not filed his appearance for plaintiffs and he has thus not received copies of any notices.

9.    **Complaint:** After waiting three years from the date of the interview, Mr. and Mrs. Sakine retained the undersigned counsel's firm to assist in getting the Service to adjudicate the Application.

      **Response:** Admit.

10.    **Complaint:** On March 20, 2007, Plaintiffs' counsel filed an inquiry with the Service. *(See* **Exhibit C-l**). The Service took three months to respond to the inquiry. On June 13, 2007, the Service indicated that Plaintiffs' case "is under further review by the adjudicating officer." *(See* **Exhibit C-2).** By that date, it had been over two years since the interview and over three years since the Application was filed.

      **Response:** Admit.

11.    **Complaint:** Mr. and Mrs. Sakine's counsel filed another inquiry on July 18, 2007 with the Service. *(See* **Exhibit C-3).** In August 2007, the Service responded to the inquiry, and indicated hat Mr. Sakine's case is "pending investigation." *(See* **Exhibit C-4).**

**Response:** Admit.

12. **Complaint:** As the above shows Plaintiffs have filed inquiries and maintained correspondence with the Service to adjudicate the Application. Plaintiffs have also requested the assistance U.S. Senator Durbin's office. In response to the Senator's inquiry, the Service indicated again that Plaintiffs' Application is under investigation and there is no timeline or conclusion date indicated. *(See* **Exhibit** C-5). Mr. and Mrs. Saltine filed the Petition and Application on March 1, 2004 and the Application has not been adjudicated.

**Response:** Admit plaintiffs have filed inquiries with the Service. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegation about inquiries to persons outside the Service. The Service does not generally track or interfile status inquiry information in an alien's registration file.

13. **Complaint:** On information and belief, the normal period prescribed by Defendants to adjudicate an Application for Adjustment of Status is six months. *(See* **Exhibit D).** To date, over three and one-half years have passed since the Service received Mr. Sakine's Application. Over two and one-half years have passed since Mr. and Mrs. Sakine attended the Adjustment of Status interview on March 30, 2005. Therefore, their marriage has been under perpetual investigation with no end in sight.

**Response:** Deny.

14. **Complaint:** Mr. and Mrs. Sakine have been married since May 17, 2003, and did not file the Application until nearly one year into their marriage. Mrs. Sakine attended the interview with her husband in support of the Application. Mr. and Mrs Sakine are still married and have been married for nearly four and one-half years. The Sakines have submitted numerous documents in support of the Application, including various bona fides of their marriage. They have submitted enough evidence for the Service to render a decision. Plaintiffs are unaware of any evidence that the Service has, which may be used to determine their marriage is fraudulent. If the Service has determined that more evidence is needed, it is within the Service's power and ability to request additional documentation from Plaintiffs.

**Response:** Deny plaintiffs may have submitted enough evidence to the Service so as to permit the Service to thoroughly adjudicate the application for adjustment of status. Admit the Service has authority to request additional information if such is determined necessary to adjudicate the application. Admit all remaining allegations in paragraph 14.

15. **Complaint:** Based on the Service's responses to Plaintiffs' inquiries, Mr. Sakine's application has been under investigation with the Service for over two and one-half years. Although

the Application has been pending for nearly four years, Plaintiffs have not received any indication that the Service requires additional documentation evidence.

   **Response:** Deny.

  16. **Complaint:** Defendants, in violation of the Administrative Procedures Act, 5 U S.C. §701 *et seq.,* are unlawfully withholding or unreasonably delaying action on the Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case.

   **Response:** Deny.

  17. **Complaint:** Defendants willfully and unreasonably have delayed in, and have refused to adjudicate the Application, thereby, depriving Plaintiffs of their rights under 5 U.S.C. §555(b) to the adjudication of the Application in a reasonable time.

   **Response:** Deny.

  18. **Complaint:** Defendants owe Plaintiffs the duty to act the Application within a reasonable time and have unreasonably failed to perform that duty.

   **Response:** Deny.

  19. **Complaint:** Plaintiffs have made multiple status inquiries in an attempt to secure adjudication of the Application.

   **Response:** Admit.

  20. **Complaint:** Plaintiffs have exhausted any administrative remedies that may exist, and have not caused or contributed to the Service's delay in adjudicating the Application.

   **Response:** Deny plaintiffs have exhausted their administrative remedies. Admit the remaining allegations in paragraph 20.

**WHEREFORE**, the United States requests that the case be dismissed with costs and that the court award such further relief as may be appropriate.

                                           Respectfully submitted,

                                           PATRICK J. FITZGERALD
                                           United States Attorney

                                         By:  s/Pierre C. Talbert
                                              PIERRE C. TALBERT
                                              Assistant United States Attorney
                                              219 South Dearborn Street
                                              Chicago, Illinois 60604
                                              (312) 353-4088
Dated:  January 19, 2008                    pierre.talbert@usdoj.gov

## **CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the following documents:

**ANSWER**

were served on January 15, 2008, in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing pursuant to the district court's Electronic Case Filing (ECF) system as to ECF filers.

                                                    s/Pierre C. Talbert
                                                    PIERRE C. TALBERT
                                                    Assistant United States Attorney
                                                    219 South Dearborn Street
                                                    Chicago, Illinois 60604
                                                    (312) 353-4088